## Ida M. Featherstone v. Daniel T. Chapin.

1. STATUTES—*Expenses of the Family—Care of a Drunken Husband.*
—Section 15 of Chapter 68 of the Revised Statutes, providing that the expenses of the family, etc., shall be chargeable upon the property of both husband and wife is not to be construed so as to make the wife liable for services rendered in caring for a drunken husband with whom she is not living at the time.

Assumpsit, for services, etc.    Appeal from the Circuit Court of Cook County; the Hon. OWEN P. THOMPSON, Judge, presiding.    Heard in this court at the March term, 1900.    Reversed and remanded.    Opinion filed February 14, 1901.

Statement.—This is an appeal from a judgment in favor of appellee and against appellant, rendered on appeal from a justice of the peace.

Appellee, Chapin, testified that he had been working for John Featherstone's Sons for about three months prior to April 23, 1896, when he was told by the superintendent of John Featherstone's Sons to take care of John Featherstone and they would see that he would be paid; that he, appellee, went to John Featherstone's house April 28th, and took care of him from that date until the nineteenth of the next September; that he, Featherstone, was drunk most of the time, and while drunk was vicious, and would smash the furniture in the house, if permitted; that witness had to hold him by main force, and was with him day and night; that in June, 1896, John Featherstone's Sons paid him $60, and Burgess, their superintendent, told him they could not pay him any longer, that he would have to look to Mrs. Featherstone.    Appellee further testified that when he arrived at John Featherstone's house (which was number 1231 Washington Boulevard), April 28th, Mrs. Featherstone had left there and he did not see her until about the last days of May or the first day of June; that Mrs. Featherstone came to appellee's house at one time to see him, and said to appellee that she wanted him to stay with Feather-

stone and see to him and the house. Appellee testified that his services were worth $5 for each twenty-four hours; that the total amount for his services was $414, of which he had received $206.92, and that the balance due him was $208.

Ida M. Featherstone, the appellant, testified that she was married to John Featherstone in 1881; that she left him April 22, 1896; that during the year next preceding the last date, he had been drinking all the time, and his treatment of her was so terrible that she was compelled to leave him; that since leaving him she had not lived with him; that she went to Coldwater, Michigan, where she remained until about the middle of June, when she returned to Chicago and went to live at number 7 Park avenue; that she has a daughter seventeen and a son eleven years of age, who have been with her all the time, and that John Featherstone has not contributed anything toward their support. Appellee put in evidence his book account for services which he claims to have rendered. The account is headed, " D. T. Chapin in account with John Featherstone & Co." The total amount charged is $414, and the total amount credited $206.92. The account contains a number of cash credits in June, July and August, 1896. It also contains a credit September 20, 1896, " Grocery bill, $52," and a credit September 23, 1896, " one horse and harness, $50." The account contains no charge against appellant and no credit in her favor.

KNIGHT & BROWN, attorneys for appellant.

In the absence of statutory enactment or contract the wife is liable for expenses of the family.

In order that the wife may be held in this case under paragraph 15, chapter 68, Revised Statutes of Illinois, it is necessary to show, first, the existence of a family in fact; second, that the services were " expenses of the family." Compton v. Bates, 10 Ill. App. 78; Hudson v. King, 23 Ill. App. 118; Schlesinger et al. v. Keifer, 30 Ill. App. 253; Hudson v. Sholem, 65 Ill. App. 61; Fitzgerald v. McCarty, 55 Iowa, 702; Way v. Cross, 95 Iowa, 258.

Ralph Rorer Crocker, attorney for appellee.

The wife is liable for expenses of the family under paragraph 15, chapter 68, Revised Statutes of Illinois, without regard to whether they are necessaries, or whether they are incurred for any individual member exclusively.   Hudson v. King Bros., 23 Ill. App. 118; Cole v. Bently, 26 Ill. App. 260; Younkin v. Essick, 29 Ill. App. 575; Glaubensklee v. Low, 29 Ill. App. 408; Illingworth v. Burley, 33 Ill. App. 395; Smedley v. Felt, 41 Iowa, 588.

Mr. Presiding Justice Adams delivered the opinion of the court.

Appellee's counsel contend that appellee is entitled to recover on two grounds, viz., under section 15, chapter 68 of the Revised Statutes, and by virtue of an alleged contract of appellee with appellant.   Section 15 is as follows :

" The expenses of the family and of the education of the children shall be chargeable upon the property of both husband and wife, or of either of them, in favor of creditors therefor, and in relation thereto they may be sued jointly or separately."

When husband and wife are living together, they and their children, if any, living with them, constitute the family.   In the present case John Featherstone, the husband, was drinking continually for a year prior to the time when appellee was employed by John Featherstone's Sons to take care of him, and his treatment of appellant, his wife, was such that she was compelled to leave him, taking her children with her, and he has contributed nothing to her or her children's support since she was thus compelled to leave him.   The extent to which he had been drinking alcoholic liquors is illustrated by the fact that John Featherstone's Sons sent him to his house, and employed appellee to take care of him, and appellee, himself, testified that most of the time, from April 28, 1896, till September 19, 1896, a period of nearly five months, Featherstone was drunk nearly all the time; that while he was drunk he was vicious, would smash the furniture, threatened to shoot

appellee a great many times, and sometimes he, appellee, had to hold him by main force. The question is whether the expense of the taking care of Featherstone by the appellee, under the circumstances stated, was a family expense within the meaning of the statute, for which the appellant is liable. The statute is in derogation of the common law, which imposes no liability on a wife in such case, and the general rule in regard to such statutes is that they must be strictly construed. But waiving that rule and considering the statute as wholly remedial, was it the intention of the legislature to impose upon a wife driven from home with her children by the ill-treatment of a drunken husband, and thus thrown upon her own resources for the support of herself and children, a liability for the care of her husband, whose condition, voluntarily produced, necessitated the care of a third person?

In Fitzgerald v. McCarty, 55 Ia. 702, the Supreme Court of Iowa, commenting on a statute of that State providing that " the expenses of the family " should be chargeable on the property of husband and wife, said :

" It is the 'expenses of the family' which, under the statute, are chargeable on the property of both husband and wife. This implies, we think, the expense must have been incurred for something used in the family, or kept for use, or been beneficial thereto."

We think this a reasonable interpretation. Were the services for which appellee claims compensation beneficial to the family? Appellee testified that at the time of the trial he was employed in a wholesale house, and prior thereto had been a police officer. He was, therefore, presumably a man of good physique. He says that sometimes he held Featherstone by main force. Evidently, therefore, he was physically able to control and restrain him. And yet, according to his own testimony, he permitted him to drink intoxicating liquors to such excess that he was drunk nearly all the time he was with him, about five months. Brown, a witness for appellee, testified that Featherstone was drunk nine-tenths of the time appellee was with him;

that appellee prevented him "from getting any fuller than was best."

This witness evidently thought it best for Featherstone to be drunk nine-tenths of the time. The legislature of the State is clearly of the opinion that it is not beneficial to a man's wife or family to permit him to be drunk nine-tenths of the time, or at all. Section 9 of chapter 43 of the Revised Statutes gives to a wife a right of action for damages against any person who, by selling or giving intoxicating liquors, shall have caused the intoxication of her husband. The sort of care appellee took of Featherstone was not, as we think, beneficial to him, his wife or family.

To warrant a recovery under the statute, it must appear that there was a family in fact at the time the services of appellee were rendered. Schlesinger v. Keifer, 30 Ill. App. 253. The evidence is that prior to the time when appellee was employed by John Featherstone's Sons, Featherstone's family had been broken up and scattered by his drunkenness and misconduct, and his wife and children were living separate and apart from him. We are inclined to the opinion that the evidence falls short of establishing a contract on the part of appellant to pay appellee for taking care of her husband. Appellee testified that she came to his house at one time and said she wanted him to stay with Featherstone at the house. Appellant must have known that appellee had been staying with her husband, that she had not employed or requested him so to do, and that, consequently, he must have been so requested or employed by another or others. Under these circumstances, the expression of a wish by appellant is certainly slight ground from which to imply a promise on her part to pay for appellee's services. Appellee's book account, which he put in evidence, tends to show he did not render the services trusting to appellant for payment.

But there is another circumstance fatal to the verdict. The time when appellee claims appellant said she wanted him to stay at the house with her husband does not appear from the evidence. Appellee's counsel, in their argument, assume that it was June first, but the evidence does not

sustain this assumption. The testimony of appellee is: "She came to my house at one time to see me. Q. What, if any, conversation did you have with her; what did she say to you? A. She wanted me to stay there. Q. What did she say? A. That is what she said, that she wanted I should stay with him and see to him and the house." This is all the evidence with regard to the alleged contract, and it is manifest that it does not state the time of it. The time of the alleged contract not having been stated, there was no basis on which the jury, in case they should find that a contract was made, could estimate the damages.

The judgment will be reversed and the cause remanded.