## BEROW et al. v. SHIELDS et ux.

### No. 2866.   Decided July 10, 1916 (159 Pac. 538).

1. HUSBAND AND WIFE—LIABILITY OF HUSBAND—FAMILY EXPENSES.
   Under Comp. Laws 1907, Section 1206, providing that both hus-
   band and wife shall be liable for indebtedness for family ex-
   penses incurred by either, the question whether the indebted-
   ness was for necessaries is immaterial if it was for legitimate
   and proper family expenses.   (Page 274.)

2. APPEAL AND ERROR—HARMLESS ERROR—ERRONEOUS FINDING.   In
   an action against a husband for goods purchased by his wife,
   the finding that the goods furnished were not necessaries,
   though immaterial, held not prejudicial where the conclusions
   of law in favor of defendant were supported by other sufficient
   findings of fact.   (Page 274.)

3. HUSBAND AND WIFE—LIABILITY OF ONE FOR INDEBTEDNESS OF
   OTHER—FAMILY EXPENSES.   To make either spouse liable for
   goods furnished the other, the relation of husband and wife
   must exist, and the indebtedness must be for legitimate and
   proper family expenses.   (Page 275.)

4. HUSBAND AND WIFE—LIABILITY OF HUSBAND—DEBTS OF WIFE—
   SEPARATION.   Under Comp. Laws 1907, Section 1206, providing
   that husband shall be liable for debts contracted by the wife
   "for expenses of the family," where a husband permanently
   separated from his wife because of her excessive use of intoxi-
   cants, he was not liable for goods furnished her during such
   separation; no "family" existing.   (Page 276.)

5. ESTOPPEL—PLEADING.   In an action under Comp. Laws 1907,
   Section 1206, for goods furnished defendant's wife, plaintiff
   cannot recover on the ground that though the family relation
   had ceased to exist at the time of the sale, the defendant was
   estopped by his conduct to deny liability, where such estoppel
   was not pleaded.   (Page 278.)

Appeal from District Court, Third District; *Hon. M. L. Ritchie,* Judge.

Action by Louis Berow and another against F. A. Shields and wife.

Judgment for defendants.   Plaintiffs appeal.

AFFIRMED.

*Chris Mathison,* for appellants.

*E. A. Walton* and *T. D. Walton,* for respondents.

## APPELLANT'S POINTS.

The term "expenses of the family" is not synonymous with "necessaries" under the common law. (*Arnold* v. *Kiel,* 81 Ill. App. 242.) The term family expenses includes everything essential, necessary or convenient, or so deemed by the husband or wife, to be used in or by the family. (*Davis* v. *Ritchey,* 55 Ia. 721.) The test is not whether the article in question is necessary or useful (*Ross* v. *Johnson,* 125 Ill. App. 65) ; and so, in that case, a honiton and point lace waist costing $200, were held to be a family expense within the meaning of the statute. In truth, as has been said with reference to a different law, "the best judge of what is necessary for a woman, sound in mind, body and estate, is herself." ( *Bell* v. *Dawes,* 9 Pa. Co. Ct. 636.) For, as was said, in *Von Platen* v. *Krueger,* 11 Ill. App. 627, quoting *Smedley* v. *Felt,* 41 Ia. 588:

"The statute does not limit the liability of the property of the wife to expenditures for necessary family expenses. *It applies to the expenses of the family without limitation or qualification as to kind or amount.* * * * The only criterion which the statute furnishes is: Was the expenditure a family expenditure; was it incurred for, on account of, and to be used in the family."

And the liability imposed on the wife is commensurate with that imposed on the husband. (*Hayden* v. *Rogers,* 22 Ill. App. 557.)

Although the statute as to family expenses obviates determining the vexatious question of what are necessaries, it is nowhere questioned that food, clothing, medical attendance, and all other necessaries of life for the several members of the family, while in that relation, are both necessaries under the common law, and expenses of the family under the statute. (*Neasham* v. *McNair,* Ia., 106 N. W. 516, 38 L. R. A.

847; *Hudson* v. *King,* 23 Ill. 118; *Cole* v. *Bentley,* 26 Ill. App. 260.) All these things are necessary to the continuance of the family; and,

· "It is on this principle that food, clothing and all necessaries of life for the several members while in that relation, *though provided for each respectively, and available to no other as an individual* are proper family expenses." (*Cole* v. *Bentley, supra.*)

FRICK, J.

The plaintiffs, in their complaint, after alleging that they were copartners doing business, etc., alleged as follows:

"That on or about the 24th day of September, 1912, at Salt Lake City, Utah, the defendants became indebted to the plaintiffs in the sum of $115.90 on account of goods, wares and merchandise sold and delivered by the plaintiffs to the defendants, at their request and for which they agreed to pay. That they have not paid the same nor any part thereof, by reason whereof there is now due and justly owing from the defendants the sum of $115.90, together with interest at the legal rate from the 24th day of September, 1912. That payment has been requested.

"Wherefore plaintiffs pray judgment against the defendants for the sum of $115.90, together with interest at the legal rate from the 24th day of September, 1912, and for all costs of suit."

The action is based on Comp. Laws 1907, Sec. 1206, to which we shall refer hereafter.

The defendant F. A. Shields alone appeared and filed an answer to the complaint, in which, after denying liability, he set up as an affirmative defense that when the indebtedness was contracted by Mrs. Shields his former wife and codefendant, they were not living together as husband and wife; that at said time he had commenced an action, which was then pending in the district court of Salt Lake County, wherein he prayed for a divorce from his wife and that he was "shortly thereafter" granted a divorce by said court; that said plaintiff had knowledge of the pendency of said action and that the defendant and his wife did not live together as a

family, or, by the exercise of ordinary diligence, should have known that such was the fact when they extended credit to his former wife and codefendant.

After a trial to the court findings of fact were made and filed as follows:

"That on September 24, 1912, the plaintiffs sold upon credit to the defendant Mrs. F. A. Shields a lady's suit at the agreed price of $32, and in like manner did sell to said Mrs. F. A. Shields thereafter at the dates and for the prices mentioned the following goods: October 16, 1912, waist, $7; October 16, 1912, hose, $1.35; November 29, 1912, fur coat, $64.50; November 29, 1912, hat, $5.25; November 29, 1912, feather, $11.50; December 5, 1912, comb, $3.25; December 5, 1912, vest, $.20; December 5, 1912, hose, $0.35; April 24, 1913, coat, $22.50.

"That no payments have been made on said account except that said Mrs. F. A. Shields, between the 24th day of September, 1912, and February 5, 1913, paid to the said plaintiffs on said account sums aggregating $32.

"That said goods were sold to said Mrs. F. A. Shields upon her own credit and not upon the credit of the defendant F. A. Shields, and the same were charged on the books of the plaintiffs to said Mrs. F. A. Shields, and the same were none of them necessaries.

"The said defendant F. A. Shields did not know of any such sales until long after the same were made; and from and after the 8th day of September, 1912, the defendant F. A. Shields and the defendant Mrs. F. A. Shields were living separate and apart from each other, and at the time of said separation the said Mrs. F. A. Shields had been and was well provided for by the defendant F. A. Shields.

"The said separation was because of the fault of the defendant Mrs. F. A. Shields.

"The defendant F. A. Shields brought in this court a suit for divorce on the 18th day of September, 1912, against the said defendant Mrs. F. A. Shields, whose proper name is and was Daisy I. Shields, and to the defendant F. A. Shields, in said divorce suit, was granted a divorce on the 10th day of October, 1912.

"The plaintiffs, during the year 1910, had sold to the defendants upon account three items of goods aggregating $47, which account had been paid, balanced and closed March 1, 1911, and thereafter had no dealings with the defendant F. A. Shields.

"Reasonable inquiry on the part of plaintiffs at the time of said sales to the defendant Mrs. F. A. Shields would have disclosed to said plaintiffs the said separation and divorce proceedings.

"The plaintiffs did not sell any of the said goods, wares or merchandise, on account of which this suit is brought, to the defendant F. A. Shields; neither did he receive the same nor any benefit thereof."

Upon these findings the court entered conclusions of law that the defendant F. A. Shields was not liable, and thereafter entered judgment dismissing the complaint as against him. Plaintiffs appeal.

While a number of errors are assigned, yet counsel, in his brief, in respect to that, says:

"All of the assignments of error relate to the question whether the articles furnished to Mrs. Shields    1, 2
were family expenses for which the respondent F. A. Shields is liable and we shall argue the assignments as one."

Counsel, however, insists that the court's finding that the articles purchased by Mrs. Shields were not "necessaries," under the statute, is wholly immaterial and that the authorities are to that effect. We think the contention is well founded for the reason that all that is required by the statute is that the things purchased are legitimate or proper family expenses. All the authorities, as we read them, so hold. The finding, although immaterial, nevertheless, did not prejudice the plaintiffs if the other findings are sufficient and the conclusions of law are right. Upon the other questions involved counsel for plaintiffs has cited a large number of cases. The principal question discussed, however, by counsel for both parties is whether the defendants, at the time the articles were purchased, lived together and thus constituted a family. Section 1206, *supra*, which must control upon that question, provides:

"The expenses of the family and the education of the chil-

dren are chargeable upon the property of both husband and wife, or either of them, and in relation thereto they may be sued jointly or separately.''

We think that in order to make either spouse liable the relation of husband and wife must exist, and the expenses for which either, or both, are liable must be      **3** what are termed family expenses. Identical or similar statutes are in force in a number of states. Section 1206, *supra,* is apparently copied from Iowa. See McClain's Ann. Code Iowa 1888, Sec. 3405. The same statute is in force in Illinois, Colorado, Washington, Oregon, and, perhaps, a number of other states. The courts of those states have had frequent occasion to pass upon the effect of the statute. So far as we are advised, however, all of those states hold that in order to hold either spouse liable under the statute the family relation must exist, and the things for which recovery is sought, in an action based on the statute, must be for family expenses just as the statute provides.

In *Davis* v. *Ritchey,* 55 Iowa 719, 8 N. W. 669, the Supreme Court of Iowa held that a wife could not be held liable under the statute for money borrowed by her husband, although he borrowed it for the purpose of paying family expenses and used it for that purpose. That seems a somewhat strict construction.

In *Featherstone* v. *Chapin,* 93 Ill. App. 223, the court held that the statute

"is not to be construed so as to make the wife liable for services rendered in caring for a drunken husband with whom she is not living at the time."

In *Gilman* v. *Matthews,* 20 Colo. App. 170, 77 Pac. 366, it is said:

"In an action against a wife for wearing apparel purchased and worn by the husband, it is not sufficient to show that they are husband and wife, but it must also be shown that they are living together, so as to constitute a family."

The judgment was accordingly reversed upon the sole ground that plaintiff had failed to establish those facts.

In *Schlesinger* v. *Keifer*, 30 Ill. App. 257, the court said:

"In this case it appeared that the appellees had ceased to live together for some months before the purchase, though the appellants had no notice of such separation. Neither had the husband any notice that the wife was buying the goods."

The court accordingly concluded as follows:

"The Superior Court rightly decided that the appellees were not liable under the statute for family expenses where there was no family."

In *Vose* v. *Myott*, 141 Iowa 506, 120 N. W. 58, 21 L. R. A. (N. S.) 277, it is again held by the Supreme Court of Iowa that:

The "statute does not impose upon the wife the expense of her husband's board while absent from their home *in contemplation of separation*." (Italics ours.)

By what we have said, or from the quotations we have just made, we do not mean to hold that the statute would not apply in a case where the husband and wife were    4 merely temporarily living apart and where the family relation had not in fact been severed. That the statute may still apply in such a case is well illustrated by the Supreme Court of Washington in the case of *Russell* v. *Graumann*, 40 Wash. 667, 82 Pac. 998, 5 Ann. Cas. 830. In the case at bar, however, the facts are very clear that the family relation had been intentionally and permanently severed at the time the goods in question were purchased by the former wife of the defendant F. A. Shields. Indeed, all the items except the first one were purchased after the husband had obtained a divorce from the wife for her fault. It appeared that the husband had cause to leave his wife upon the ground of her excessive use of intoxicants, and that she frequently became intoxicated. If, therefore, as was held by the Iowa court, a wife cannot be compelled, under the statute, to provide for her drunken husband, it is not easy to perceive how a husband can be required to provide for a drinking wife with whom he has ceased to live. But, by referring to the first item, even that was purchased after the defendants had per-

manently ceased to live together as husband and wife in the family relation. Be that as it may, however, the evidence shows that that item was fully paid by Mrs. Shields long before this action was commenced.

Plaintiff's counsel has also cited, and apparently strongly relies on, the decision in *Arnold* v. *Keil,* 81 Ill. App. 237. A mere cursory reading of that case, however, will disclose that the decision is in full accord with all those we have referred to above. In the latter case the goods were purchased before the husband left the wife and were all delivered on the very day he in fact did leave. Moreover, it is not absolutely clear that at the time the husband did leave the wife they intended to permanently sever the family relation.

Counsel for plaintiff has severely criticized the decision in *Schlesinger* v. *Keifer, supra,* from which we have taken the liberty to quote. It is not necessary to review counsel's criticism of that case since if his criticisms were given effect it would have to apply to practically all the cases we have quoted from and to others to which we have not deemed it necessary to refer.

Counsel, however, strenuously insists that the statute is remedial, that it was intended for the protection of the merchant and trader as well as for that of the husband and wife, and that it should therefore receive a liberal construction and application. No doubt the statute is remedial. It is also clear that its purpose is to protect those mentioned by counsel. The statute, however, limits the right of recovery for "the expenses of the family." It must therefore be given a fair, sane, and reasonable construction so as not to frustrate its real purpose upon the one hand and to carry it beyond what it was intended thereby to accomplish upon the other. When the statute refers to the expenses of the family it necessarily presupposes or assumes the existence of a family, and, further, that those who usually comprise a family are in fact sustaining that relation. While it is not practical—nor is it necessary—to determine in advance under what circumstances the family relation might still be deemed to exist, and while in that regard the facts and circumstances of each case must, to a large extent, be considered in determining the relation, yet

it is quite clear under all the authorities that such a relation did not exist in this case when the articles in question were sold to Mrs. Shields.

Counsel, however, further contends that although it were true that the family relation had in fact been severed and had ceased to exist at the time the goods in question were purchased by Mrs. 'Shields, yet, in view that the defendant F. A. Shields had permitted his wife to purchase goods on credit from the plaintiffs while the family relation subsisted and had paid for them, and that he had not notified plaintiffs of the change of relation between him and his former wife, therefore he should be estopped from availing himself of the defense that the family relation had ceased to exist. Counsel for defendant F. A. Shields, however, insists that plaintiffs, in view of the meager allegations of their complaint, cannot avail themselves of the claim that the defendant Shields is estopped, even though the facts justified•such a claim. We have set forth all the material allegations of the complaint and it must be conceded that there is nothing pleaded which, in the remotest degree, could be held to savor of anything akin to an estoppel. Plaintiffs, however, contend that it is not always necessary to plead an estoppel in order to make it availing to a party claiming such to exist. While that is true as a general statement, yet where, as in this case, an action is based upon a liability created by statute, and the plaintiffs, while basing their action upon the statute, nevertheless seek to recover upon the ground that the defendant by his conduct has estopped himself from successfully interposing what would otherwise constitute a defense under the terms of the statute, we think, under all the authorities on pleading, the plaintiff must, in order to avail himself of such an estoppel, plead it. Under such circumstances the estoppel becomes what is termed "an element of the cause of action," and when such is the case the estoppel should be pleaded. The general rule in respect to when estoppels in pais must be pleaded and when they may be availed of without pleading them is tersely, and, as we think, correctly stated in 16 Cyc. 806-809. Under the rule there stated the plaintiffs in this case, in order to avail themselves of the alleged

estoppel, should have pleaded it. They certaintly had the opportunity to do so and the alleged estoppel clearly constituted an element of their cause of action if they sought to make it availing. Not having pleaded the estoppel the trial court was not required to consider that phase of the case. For the foregoing reasons the question of whether there was or was not an estoppel, or to what extent such an estoppel is available under the statute in question, is not properly before us for review, and we express no opinion upon those questions.

The judgment is affirmed, with costs to the defendant F. A. Shields.

STRAUP, C. J., and McCARTY, J., concur.