BARBER v. ANDERSON (JENSEN, Intervener).

No. 4663. Decided January 7, 1929. (274 P. 136.)

358

*Henry D. Moyle,* of Salt Lake City, and *P. W. Spaulding,* of Evanston, Wyo., for appellant.

*Willard Hanson* and *A. H. Hougaard,* both of Salt Lake City, for respondents.

HANSEN, J.

The plaintiff brought this suit against the defendant in the district court of Utah county. By her suit plaintiff sought to rescind a contract theretofore entered into where-

by she agreed to purchase, and the defendant agreed to sell, the Orpheus Theater located at Evanston, Wyo. The agreed purchase price of the theater was $37,500. As part payment for the theater, plaintiff conveyed to the defendant three tracts of land. The tracts of land so conveyed are all located in the state of Utah; one in Washington county, one in Millard county, and one in Utah county. In her complaint plaintiff bases her claimed right to rescind her contract for the purchase of the Orpheus Theater upon fraud alleged to have been perpetrated upon her by the defendant whereby she was induced to enter into the contract to purchase the theater and to convey the lands to the defendant. She prayed that the conveyances of the three tracts of land to the defendant be vacated and set aside.

The intervener, Emily S. Jensen, by leave of court, filed in the cause a complaint in intervention whereby she asks that the title to the Millard county property be quieted in herself. The intervener bases her claim to the Millard county property upon a conveyance from the plaintiff, and also upon alleged estoppel of the defendant to claim title to the same.

The defendant answered the complaint of the plaintiff and the complaint in intervention of the intervener. In his answer to plaintiff's complaint defendant denies that he perpetrated any fraud upon plaintiff, and in his answer to the complaint in intervention he denies that he is estopped from claiming title to the Millard county property. Defendant in his answer further asserts title in himself to the Millard county property.

Upon issues thus joined trial was had. The issues joined by plaintiff's complaint and defendant's answer were found in favor of the defendant and against the plaintiff, and a judgment was entered accordingly. Upon the issues joined by the complaint in intervention and defendant's answer thereto the trial court made its findings of fact and conclusions of law in favor of the intervener and against the

defendant, and entered a decree quieting title in the intervener to the Millard county property.

This appeal is prosecuted by the defendant from the decree quieting intervener's title to the Millard county property. So far as appears, no appeal has been taken from the judgment entered in favor of the defendant and against the plaintiff.

At the time the case was called for trial, the intervener asked leave to file her complaint in intervention. Counsel for defendant objected to the filing of the same. The trial court overruled the objection, to which ruling the defendant excepted. Such ruling is assigned as error. It is here urged that the application of Emily S. Jensen to intervene was not timely made, and for that reason the application should have been denied. Comp. Laws Utah 1917, § 6518, provides:

"Any person may, before the trial, intervene in an action or proceeding, who has an interest in the matter in litigation, in the success of either of the parties, or an interest against both. An intervention takes place when a third party is permitted to become a party to an action or proceeding between other persons, either by joining the plaintiff in claiming what is sought by the complaint, or by uniting with the defendant in resisting the claims of the plaintiff, or by demanding anything adversely to both the plaintiff and the defendant; and is made by complaint, setting forth the grounds upon which the intervention rests, filed by leave of the court and served upon the parties to the action or proceeding who have not appeared, and upon the attorneys of the parties who have appeared who may answer or demur to it as if it were an original complaint."

The application of Emily S. Jensen to be permitted to intervene in the cause was made before the trial actually began, and we are therefore of the opinion that her application was within time.

After the complaint in intervention was filed, the defendant demurred thereto upon various grounds, among them, "that the court has no jurisdiction of the subject-matter of the case," and "that the complaint in intervention does not state facts sufficient to con-

stitute a cause of action against this defendant." The demurrer was overruled. Such ruling is assigned as error. Comp. Laws Utah 1917, § 6525, provides:

"Actions for the following causes must be tried in the county in which the subject of the action, or some part thereof, is situated, subject to the power of the court to change the place of trial, as provided in this code:

"1. For the recovery of real property, or of an estate or interest therein, or for the determination in any form of such right or interest, and for injuries to real property;

"2. For the partition of real property;

"3. For the foreclosure of all liens and mortgages on real property.

"Where the real property is situated partly in one county and partly in another, the plaintiff may select either of the counties, and the county so selected is the proper county for the trial of such action."

The original suit brought by the plaintiff involved an interest in real property situated in three counties. The plaintiff sought to have set aside the deeds by which she conveyed to the defendant a tract of land in Millard county, a tract of land in Washington county, and a tract of land in Utah county. The fact that one of the tracts of land was situated in Utah county where the suit was begun, gave the district court of that county jurisdiction of the subject-matter of the cause, including the Millard county property. No claim is made to the contrary. The mere fact that the intervener claimed only the real property located in Millard county did not divest the district court of Utah county of jurisdiction or the right to try and determine the title to the Millard county property. To hold otherwise would prevent the intervener from intervening in the cause, unless the plaintiff's suit should be transferred to Millard county. After plaintiff brought her suit, Utah county was the proper county for the trial of the cause.

A more serious question is presented when the question of the sufficiency of the complaint in intervention to state a cause of action is considered. In substance, it is alleged in the complaint in intervention:

That on or about December 15, 1925, the plaintiff and defendant entered into a contract whereby the defendant agreed to sell, and the plaintiff agreed to buy, the Orpheus Theater located in Evanston, Wyo. That, as part payment of the purchase price of the Orpheus Theater the plaintiff conveyed to the defendant three tracts of land; one located in Washington county, Utah, one in Utah county, Utah, and one in Millard county, Utah. That it was agreed between plaintiff and defendant that the plaintiff should be allowed a credit upon the purchase price of the Orpheus Theater of $3,000 for the Washington county property, $6,456.78 for the Utah county property, and $5,700 for the Millard county property. That defendant issued a receipt as evidence of a credit upon the purchase price of the Orpheus Theater in the sum of $5,700 for the Millard county property so conveyed to the defendant by the plaintiff. That the deed whereby the plaintiff conveyed the Millard county property to the defendant contained the following provision:

"The said grantor hereby represents that the above described premises are free and clear of incumbrances and liens of every kind and nature except a $2,000.00 lien in favor of the State of Utah and a certain bond for deed contract executed July 30, 1924, between the above-named grantor as seller and Frank King and T. L. King as buyers, which said contract is this day assigned and delivered to the above-named grantee."

That soon after the Millard county property was conveyed to the defendant he discovered that there were other liens and incumbrances upon the Millard county property in addition to those mentioned in the conveyance. That thereupon the defendant wrote a letter to the Evanston National Bank, which held in escrow the agreement for the purchase and sale of the Orpheus Theater. That the letter so written is in words and figures following:

"Evanston, Wyoming, March 15th, 1926.

"The Evanston National Bank, Evanston, Wyoming—Gentlemen: Whereas there is now deposited with you a certain escrow agreement and contract dated December 11th, 1925, covering the sale by me,

the undersigned, as vendor, to Chase Hatch as Trustee, for the M. J. H. C. & W. Picture Enterprise, a Utah corporation, vendee, of certain premises, building and equipment situate in the Town of Evanston, Uinta County, Wyoming, known as the Orpheus Theater, and more particularly described in said escrow agreement, and

"Whereas by letter bearing date February 6th, 1926, and received by you on or about March 10th, 1926, said Chase Hatch, Trustee, delivered to you an assignment to Lucille C. Barber, of Salt Lake City, Utah, of said escrow agreement and contract, and also delivered to you therewith a purported receipt bearing date December 28th, 1925, purporting to acknowledge receipt by me of the sum of $5,700.00 to apply on said escrow agreement and contract and said Chase Hatch by letter directed you to credit upon said escrow agreement and contract the purported payment aforesaid of $5,700.00, and

"Whereas the said receipt was procured from me under and upon the conveyance of Mrs. L. F. Barber, grantor, to me of certain lands and premises described as follows: the NE¼NW¼ and east 10 acres of NW¼NW¼ of section 3 in township 17 south, of range 7 west, Salt Lake Meridian, in Millard County, Utah, together with 40 acres of stock in Delta Canal Co., a Utah corporation, free and clear of all liens and encumbrances, and the said grantor has failed to deliver title to said lands free and clear of all liens and encumbrances and has failed to deliver to me said 40 shares of stock:

"You are therefore notified that the said receipt is wholly without adequate consideration therefor and the same was procured from me upon the representations aforesaid by the said Mrs. L. F. Barber and you are hereby notified and instructed not to credit the said payment of $5,700.00 purported to be shown by said receipt as a payment on said escrow agreement and contract and you are further notified that the undersigned demands of you the return of said receipt and that if you either endorse said payment on said escrow agreement and contract or refuse to return said purported receipt to me, I will hold you responsible for all damages by me sustained on account thereof.

"[Signed] A. W. Anderson."

That a copy of the foregoing letter was served upon the plaintiff. That the defendant stated to the plaintiff and her attorney that he would not accept the Millard county property as agreed. That, unless the plaintiff should perform the terms and conditions of the contract of sale and purchase of the Orpheus Theater, the defendant would

cause such contract to be forfeited, and he would take possession and control of the Orpheus Theater. That the intervener learned of the fact that the defendant had written the above and foregoing letter, and, relying upon such letter, she purchased the Millard county property from the plaintiff, and paid therefor 18,000 shares of the capital stock of the American Cement & Plaster Company. That plaintiff by quitclaim deed, dated May 28, 1926, conveyed the Millard county property to the intervener. That, by reason of writing the letter hereinbefore set out, and by reason of the defendant's repudiating the transaction whereby he acquired the Millard county property, the defendant is estopped from asserting any right, title, or interest in or to the Millard county property.

It thus appears that the intervener relies upon the facts alleged in her complaint in intervention as constituting an estoppel of the defendant from asserting any claim to the Millard county property. The law is well settled that the facts relied upon as constituting an estoppel must be pleaded. *Berow* v. *Shields*, 48 Utah 270, 159 P. 538. We are of the opinion that the facts alleged in the complaint in intervention are insufficient to estop the defendant from claiming the Millard county property. In 2 Pomeroy, Eq. Jur. (4th Ed.) § 805, p. 1643, the elements necessary to constitute an estoppel are thus stated:

"In conformity with the principle already stated which lies at the basis of the doctrine, and upon the authority of decisions which have recognized and adopted that principle, the following are the essential elements which enter into and form a part of an equitable estoppel in all of its phases and applications. One caution, however, is necessary and very important. It would be unsafe and misleading to rely on these general requisites as applicable to every case, without examining the instances in which they have been modified or limited. 1. There must be conduct—acts, language, or silence—amounting to a representation or a concealment of material facts. 2. These facts must be known to the party estopped at the time of his said conduct, or at least the circumstances must be such that knowledge of them is necessarily imputed to him. 3. The truth concerning these facts must be unknown to the other party claiming the benefit of

the estoppel, at the time when such conduct was done, *and at the time when it was acted upon by him.* 4. The conduct must be done with the intention, or at least with the expectation, that it will be acted upon by the other party, or under such circumstances that it is both natural and probable that it will be so acted upon. There are several familiar species in which it is simply *impossible* to ascribe any *intention* or even *expectation* to the party estopped that his conduct will be acted upon by the one who afterwards claims the benefit of the estoppel. 5. The conduct must be relied upon by the other party, and, thus relying, he must be led to act upon it. 6. He must in fact act upon it in such a manner as to change his position for the worse; in other words, he must so act that he would suffer a loss if he were compelled to surrender or forego or alter what he has done by reason of the first party being permitted to repudiate his conduct and to assert rights inconsistent with it."

In the instant case there is no pleading, and, as we read the record, no claim is made that any facts were concealed by the defendant. The intervener does not allege or claim that she was not entirely familiar with all the facts and circumstances surrounding the transaction had by plaintiff and defendant regarding the contract for the sale and purchase of the Orpheus Theater and the conveyance of the Millard county property to the defendant by the plaintiff. The deed which plaintiff delivered to the defendant conveying the Millard county property was duly recorded. This suit was begun and a lis pendens was filed long before the intervener acquired her conveyance from the plaintiff. The intervener so alleges in her complaint in intervention. There is no allegation and no claim made that the defendant ever made any representations whatsoever to the intervener. There is no allegation and no claim made that the defendant wrote the letter to the Evanston National Bank with the intention or expectation that the intervener should act thereon. Nor, in our opinion, is the language of the letter which the defendant wrote to the Evanston National Bank susceptible of being construed to the effect that the defendant disclaimed title to the Millard county property. There is no allegation in the complaint

in intervention or elsewhere in the pleadings of the parties that the plaintiff consented to the cancellation of the receipt for $5,700. Clearly, the defendant did not have an absolute right to rescind his contract for the purchase of the Millard county property without the consent of plaintiff. The writing of the letter to the Evanston National Bank did not and could not revest the plaintiff with title to the Millard county property. It is wholly lacking words of conveyance necessary to accomplish a transfer.

We are thus of the opinion that the complaint in intervention does not state a cause of action against the defendant. Defendant's demurrer thereto should have been sustained.

The order of this court is that the portion of the judgment which is appealed from is reversed; that the cause be remanded to the district court of Utah county, with directions to grant intervener leave to amend her complaint in intervention, if she be so advised. If the complaint in intervention be amended so as to state a cause af action against defendant, the intervener should be granted a new trial as to her claim against the defendant, otherwise the complaint in intervention should be dismissed. Appellant is awarded his costs.

THURMAN, C. J., and STRAUP and GIDEON, JJ., concur.

CHERRY, J. I concur in the judgment.