[Civ. No. 11265.   First Dist., Div. Two.   Jan. 21, 1942.]

BLANCHE WILSON, Appellant, v. ARTHUR L. GREY et al., Respondents.

Charles Reagh for Appellant.

Rea, Free & Jacka and Irvin A. Frasse for Respondents.

DOOLING, J. pro tem.—Plaintiff appeals from a judgment refusing to set aside a conveyance from defendant Arthur L. Grey to defendant Hazel A. Grey, his wife, and to subject such property to the satisfaction of a judgment theretofore recovered against defendant Arthur L. Gray.

The complaint alleged the recovery of the judgment in the sum of $5000, the failure to satisfy it except to the extent of $56.18, and that after the indebtedness was incurred the defendant Arthur L. Grey on or about July 3, 1933, had conveyed the property to his wife without consideration and for the purpose of preventing the satisfaction of the judgment. The answer pleaded as affirmative defenses: 1. That plaintiff had been paid by the receipt of certain stock in a corporation; and 2. that the property in question was conveyed to defendant wife on November 8, 1920.

Upon this appeal respondents do not in their brief urge the defense of payment although the trial court found in their favor on that issue. The agreement relied on does not support the finding of payment. The money was lent by plain-

tiff for use in the conduct of a dog coursing track. After the original project failed certain creditors entered into a contract with the owner of the land upon which the track was located, whereby a corporation was to be formed to operate the track, and the signatories were to receive equal amounts of stock in the proposed corporation. Defendants were not parties to this agreement. It was provided in this agreement that the profits to be derived from the venture should be applied after certain pressing claims were first met, 50% to the payment of liens against the property, and 50% to the creditors joining in the agreement, including plaintiff, "until their full amount . . . has been paid." It is clear that the parties did not agree that the issuance of the stock in the proposed corporation should constitute payment of their debts. They were later to be paid from profits, and it is not claimed or found that they were paid from profits or indeed that there ever were any profits from the venture.

At the trial, after it developed from the evidence that the deed was delivered to defendant wife on November 8, 1920 as affirmatively pleaded in the answer although not recorded until July 3, 1933, the plaintiff introduced evidence that prior to making the loan to defendant husband which resulted in the $5000 judgment against him, defendant Arthur L. Grey had informed plaintiff that he owned real property, and that plaintiff had caused an investigation to be made and after learning that the property involved in this action stood of record in his name, and relying on that fact, she had advanced the $5000. To this evidence defendants objected on the ground that it was outside the issues, no estoppel having been pleaded in the complaint. The court received the evidence but failed to make any finding on the subject and of this failure appellant now complains.

While ordinarily estoppel must be pleaded this is subject to the settled exception that where it is relied upon by a plaintiff to meet new matter affirmatively pleaded in the answer the provisions of section 462, Code of Civil Procedure, take the place of a replication at common law and permit the introduction of evidence of estoppel to meet the new matter pleaded in the answer. The rule is well stated in *Llewellyn Iron Works* v. *Abbott Kinney Co.*, 172 Cal. 210, 213 [155 Pac. 986] :

"It is well settled that under our simplified system of procedure, where plaintiff's pleadings on the facts begin and end

with the complaint, there is by law afforded him an opportunity, without pleading, to interpose evidence overcoming any affirmative matter of defense set up in the answer. Thus he may establish a fraud or an estoppel.''

The same rule was tersely stated in *Buford* v. *Florin Fruit Growers' Assn.*, 210 Cal. 84, 91 [291 Pac. 170]:

"In this case it was not necessary to plead estoppel for it was relied upon as a defense to matter set up in the answer.''

See also *Corporation of America* v. *Harris,* 5 Cal. App. (2d) 452, 462 [43 Pac. (2d) 307]; *First Nat. F. Corp.* v. *Five-O Drilling Co.*, 209 Cal. 569, 576 [289 Pac. 844]; *Bliss* v. *California Coop. Producers*, 23 Cal. App. (2d) 245, 250 [72 Pac. (2d) 885]; *General Motors Accept. Corp.* v. *Gandy*, 200 Cal. 284, 294 [253 Pac. 137]; *California Breeders' etc. Co.* v. *Showers,* 86 Cal. App. 239, 243 [260 Pac. 955].

The evidence recited above if believed by the trial court would operate to estop the defendants from asserting the transfer of the property to defendant wife prior to the time the money was advanced to the husband in reliance upon his ownership of the property. "When a wife permits her husband to hold the record title to her realty, the general rule is that she is estopped to assert her title thereto as against one extending credit to the husband in reliance on such ownership.'' (10 R. C. L. 743.)

Respondents insist that the doctrine of estoppel requires a showing of some actual turpitude on the part of defendant wife. This may once have been the rule in California (10 Cal. Jur. 633, 634), but it is now settled that there need be no showing of actual fraud. "All that is meant in the expression that an estoppel must possess an element of fraud is, that the case must be one in which the circumstances and conduct would render it a fraud for the party to deny what he had previously induced or suffered another to believe and take action upon. . . . There need be no precedent corrupt motive or evil design.'' (*Seymour* v. *Oelrichs,* 156 Cal. 782, 796 [106 Pac. 88, 134 Am. St. Rep. 154]; *Comer* v. *Associated Almond Growers*, 101 Cal. App. 687, 690 [282 Pac. 532]; *Standard Oil Co.* v. *Woolner,* 113 Cal. App. 66, 70 [298 Pac. 77].)

The case of *Franck* v. *Moran,* 36 Cal. App. 32 [171 Pac. 841], is direct authority for the proposition here asserted by appellant that where credit is extended on the faith that the grantor was owner of the property it would be unequitable

to allow the grantee who failed to record his conveyance until after the indebtedness was incurred to prevent the creditor from resorting to the property to satisfy his judgment for the debt so incurred. The same rule has been frequently applied in the case of personal property. (10 Cal. Jur. 641, 642.)

It follows that the failure to find on the issue of estoppel raised by appellant was prejudicial error.

The judgment appealed from is reversed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing was denied February 20, 1942.