74 437
107 494

## AMOS JOHNSON v. ALFRED ONSTED.

*Divorce—Support of child—Liability of father.*

Where a divorced woman, to whom the care, management, and
maintenance of a daughter was decreed, remarried, and her
second husband took the child to his home and cared for it as
his own, with full knowledge of the provisions of the decree,
and never demanded pay of the first husband, who resided in
the immediate neighborhood, for the keeping, or had any talk
or agreement with him regarding the same, he cannot be held
liable for such support, nor could the wife make any contract
with her second husband which would bind its father for the
child's support without his consent. *Husband v. Husband,* 67
Ind. 583.

Error to Lenawee. (Watts, J.) Argued February 15,
1889. Decided April 12, 1889.

*Assumpsit.* Plaintiff brings error. Affirmed. The facts
are stated in the opinion.

*J. C. Winne,* for appellant.

*Seth Bean,* for defendant.

SHERWOOD, C. J. In this case Ida B. Onsted was
divorced from her husband, the defendant, on February
13, 1874, and by the decree she obtained was given the
care, management, and maintenance of their child, a little
girl then about three years old. Ida married the plaint-
iff in September, 1874, who immediately took her and the
child to his home, and has cared for the child as he
would his own ever since, with a full knowledge of the
provisions of the decree between his wife and the defend-
ant. It does not appear that in her suit for divorce
Mrs. Onsted either asked for or obtained any order for
either temporary or permanent alimony. Mr. Onsted

lives about four miles from the plaintiff. He never demanded the custody of this child; neither has plaintiff ever demanded any pay for keeping her, or ever had any talk or agreement with defendant regarding it, or about her care or support. Under the foregoing facts the plaintiff brought suit in *assumpsit* against the defendant for the care, support, and maintenance of defendant's child while she lived in his family. The cause was tried in the Lenawee circuit, before Judge Watts, with a jury. At the close of the testimony the learned circuit judge directed a verdict for the defendant.

We think this direction was right, and the judgment must be affirmed. There was no contract, either express or implied, under the testimony given, made by the defendant, under which he could be held liable for the child's support to the plaintiff; neither could the wife, under the facts stated, make any contract with the husband, Johnson, which would bind Onsted for the child's support without his consent. *Husband v. Husband*, 67 Ind. 583; Schouler, Dom. Rel. 322.

The other Justices concurred.