CASE 41—INDICTMENT—SEPTEMBER 24.

# Commonwealth v. Holland.

APPEAL FROM METCALFE CIRCUIT COURT.

1. DISTILLER'S LICENSE—SALE OF BRANDY.—Under section 4224,. Kentucky Statutes, authorizing persons who are distillers in good faith to retail spirituous liquors of their own manufacture at their distillery, residence or warehouse, upon payment of a. license of $75; and further providing that distillers of peach and apple brandy might retail liquors of their own manufacture at the place of manufacture or distillery upon payment of a license of $25, the County Court was not authorized to grant to a brandy manufacturer a license to sell at his residence.

2. LICENSE TO BRANDY MANUFACTURER—SALE AT WAREHOUSE.—Under such a license, even if valid, a sale at the warehouse sixty to one hundred yards distant was unauthorized.

N. H. W. AARON, COMMONWEALTH'S ATTORNEY, AND W. S. TAYLOR, ATTORNEY-GENERAL, FOR APPELLANT.

1. The defendant's license was invalid. Kentucky Statutes, section 4224.

2. The sale was unauthorized, even assuming the validity of the license. Moody v. Com., 6 Ky. Law Rep., 219; Gnadinger v. Com., 4 Ky. Law Rep., 514..

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

Appellee was indicted for retailing spirituous liquors without a license. By agreement a jury was waived, and the case heard by the court on the following agreed facts:. In September, 1896, appellee made application to the County Court for a license, as a brandy distiller, to sell apple brandy at his residence, in Metcalfe county, in quantities of not less than a quart, which was granted by the court; appellee paying therefor the sum of $25. Subsequent thereto, and within the time covered by the license,

he sold a quart of brandy at his warehouse, which was located within from thirty to forty feet from his residence, and from sixty to one hundred yards from the distillery. The warehouse where the sale was made is on the survey of the distillery premises required by the internal revenue department of the Federal government. The residence is not on the distillery premises, but is on the same tract of land.

Section 4224 Kentucky Statutes provides that license may be granted by the County Court to persons who are distillers of spirituous liquors in good faith to retail spirituous liquors of their own manufacture at their distillery, residence, or own warehouse, but shall sell at only one of said places, which must be named and designated in the license, in quantities of not less than one quart, and the liquor not to be drunk on the premises or adjacent thereto, upon the payment of $75; and by a subsequent paragraph of the same section it is provided that license may be granted to persons who are manufacturers of vinous liquors in good faith, and distillers of peach and apple brandy, to retail liquors of their own manufacture *at the place of manufacture* or the distillery, in quantities of not less than one quart, not to be drunk on the premises or adjacent thereto, upon the payment of $25. The application of appellee was for a license to sell brandy of his own manufacture. The statute limits the sale of brandy sold under this license to the distillery or place of manufacture, and it can not be sold elsewhere, and the County Court was not authorized to designate the residence as the place for the sale of brandy under that license. The preceding paragraph of the same section does permit a license to be granted to distillers of spirituous liquors to retail liquor of their own manufacture either at their dis-

· tillery, residence, or warehouse, but provides that they shall sell at only one of said places, which must be named and designated in the license. .It is clearly the intention of the statute to limit the traffic under the license to the distillery or place of manufacture, and to hold that the words, "distillery or place of manufacture" mean "near by," or "in proximity" to the distillery would destroy the manifest purpose of the law. In this case the license to sell at the residence was unauthorized; but even if the place designated had been at the distillery, as directed by the statute, we are of the opinion that a sale made at the warehouse, from sixty to one hundred yards distant, would not have been authorized. For the reasons given the judgment is reversed, and the cause remanded for proceedings consistent with this opinion.