## BONDIES v. PORTER.

No. 2984.    Opinion Filed November 4, 1913.

(136 Pac. 417.)

**DIVORCE—Effect—Support of Child—Compensation of Relative.** Rev. Laws 1910, sec. 4367, provides that the parent entitled to the custody of the child must give him support; and section 4376, that if a parent neglects to provide necessaries for his child ''who is under his charge,'' a third person may supply them and recover the reasonable value thereof from the parent; and section 4377, that a parent is not bound to compensate the other parent or a relative for necessaries furnished his child without an agreement. **Held,** that where a divorce decree gave the custody of an infant

child to the mother, her father, who voluntarily furnished necessaries to the child while in her custody, in the absence of an agreement, cannot recover compensation therefor from the father of the child.

(Syllabus by the Court.)

*Error from District Court, Bryan County;*
*A. H. Ferguson, Judge.*

Action by W. Porter against William Bondies. Judgment for plaintiff, and defendant brings error. Reversed.

*J. M. Cook,* for plaintiff in error.

*E. G. Senter* and *Utterback, Hayes & MacDonald,* for defendant in error.

TURNER, J. On January 6, 1911, in the district court of Bryan county, W. Porter sued Wm. Bondies on account for necessaries furnished to his minor son, in a sum certain. After issues joined by a general ·denial there was a trial by a jury and judgment for plaintiff, and defendant brings the case here. He assigns that the judgment is contrary to law. There is no dispute as to the facts. The evidence discloses that the defendant is the father of a minor child nine years old, named Walter Bondies; that Helen Bondies is the mother of the child, born in lawful wedlock with defendant; that they were divorced on or about July 31, 1902, at which time she was decreed the custody of the child; that the decree made no provision as to its maintenance; that plaintiff is the father of Helen; that the child was born in his home; that after the decree Helen and the child continued to live with her father in Dallas, Tex., until the date of the trial, plaintiff supporting them both voluntarily and without the request of either parent; that plaintiff never advised defendant of his doing so or that he would hold him liable for the value therefor; and that defendant never agreed to pay for the same.

Rev. Laws, 1910, sec. 4367, reads:

"The parent entitled to the custody of a child must give him support and education suitable to his circumstances. If the support and education which the father of a legitimate child

is able to give are inadequate, the mother must assist him to the extent of her ability."

Section 4376, *Id.*:

"If a parent neglects to provide articles necessary for his child who is under his charge, according to his circumstances, a third person may in good faith supply such necessaries and recover the reasonable value thereof from the parent."

Section 4377:

"A parent is not bound to compensate the other parent or a relative for the voluntary support of his child without an agreement for compensation, nor to compensate a stranger for the support of a child who has abandoned the parent without just cause."

Sections 4367 and 4376 came to us from California by way of the Dakotas and are identical with the Civil Code (Cal.) secs. 196 and 207. Sections 196 and 207, *supra,* were under construction by the Supreme Court of California in *Selfridge v. Paxton et al.,* 145 Cal. 713, 79 Pac. 425. The facts in that case were that some time prior to September 17, 1894, defendants were married to each other and that during that time their child Roma was born; that on said date they were divorced by a decree of the court which gave to the wife, Bessie, the care and custody of Roma, but made no provision as to her maintenance. After that the father resided in Sonoma and the mother in San Francisco. After that Roma, still a minor, became ill, and, at the request of the mother, plaintiff attended her professionally and performed a certain necessary and valuable surgical operation on her, of which the father was informed by plaintiff, who replied that he would be obliged if plaintiff would advise him of any change in the patient's condition, at which time plaintiff knew of the divorce decree and that Roma had been living several years in the care and custody of her mother under the decree. Speaking to sections 196 and 207, *supra,* the court, in reversing the judgment for plaintiff, said:

"By these sections, the duty to support a child, and the liability to the third party for necessaries furnished it, are clearly confined to a parent 'entitled to the custody' of the child and having it 'under his charge'; and no such liability attaches to a parent who has been deprived of such custody and charge. In

the opinion delivered by the learned judge of the court below, for whose judgment we have the highest respect, much weight is given to the consideration of the injustice which might follow if a father could escape liability to support his children on account of a decree of divorce founded on his misconduct; and counsel for respondent also urge that conisderation.   But strong views have been expressed the other way to the point that a father deprived of the custody, control, and services of his child is not justly liable to third persons who choose to furnish it supplies.   In *Ex parte Miller,* 109 Cal. 648, 42 Pac. 428, Justice Temple, in a concurring opinion, says:  'When a parent is deprived of the custody of his child, and therefore to the right of its services and earnings, by a summary proceeding, he is no longer liable for its support and education.  This is true as a general proposition of law, and it is recognized by our Code. Section 196 of the Civil Code provides that a parent entitled to the custody of a child must give him support and education suitable to his circumstances, plainly implying that the parent does not owe that duty to a child when he is not entitled to its custody.'   And he further refers to section 207, as providing that, when a parent neglects to provide necessaries for a child 'who is under his charge,' then third person may do so, and recover the value; and he further says that in no instances except those specially provided for in the Code 'has the court power to deprive the parent of his authority, and yet hold him liable for the maintenance of his child.' "

As we take this to be a proper construction of these statutes, we follow this case.  See, also, *McKay v. McKay,* 125 Cal. 65, 57 Pac. 677; *Ramsey v. Ramsey,* 121 Ind. 215, 23 N. E. 69, 6 L. R. A. 682; *Burritt v. Burritt,* 29 Barb. (N. Y.) 124; *Harris v. Harris,* 5 Kan. 46; *Finch v. Finch,* 22 Conn. 411; *Brown v. Smith,* 19 R. I. 319, 33 Atl. 466, 30 L. R. A. 680; *Hall v. Green,* 87 Me. 122, 32 Atl. 796, 47 Am. St. Rep. 311; *Fulton v. Fulton,* 52 Ohio St. 229, 39 N. E. 729, 29 L. R. A. 678, 49 Am. St. Rep. 720; *Johnson v. Onsted,* 74 Mich, 437, 42 N. W. 62; *Hancock v. Merrick,* 10 Cush. (Mass.) 41; *Husband v. Husband,* 67 Ind. 583, 33 Am. Rep. 107; Schouler's Dom. Rel. sec. 237, p. 371.

We are therefore of the opinion that the judgment should be reversed and rendered.   It is so ordered.

HAYES, C. J., and KANE and LOOFBOURROW, JJ., concur; WILLIAMS, J., not participating.