(No. 4608.   October 14, 1927.)

ALEX YOUNIE, Respondent, v. HENRY SHEEK, JOHN SHEEK and JOHN REES, Appellants.

[260 Pac. 419.]

NAVIGABLE WATERS—MEANDER LINE—RIGHT OF PATENTEE—MISJOINDER OF PARTIES, WAIVED—NEW TRIAL—SURPRISE—NEWLY DISCOVERED EVIDENCE—DENIAL OF MOTION—NO ABUSE OF DISCRETION.

1. Patentee of lots abutting on west meander line of a navigable river, in absence of claim by United States, takes to the west bank of the permanent channel, though between it and the meander line was a so-called channel which was filled with water in late spring and early summer and dry the remainder of the year.

2. Misjoinder of parties must be deemed waived, defendants having answered jointly after their joint demurrer was over-

ruled, and such misjoinder not being raised either by demurrer or answer.

3. There was no error in refusing new trial on ground of surprise because of witness having made a map in a manner contrary to movants' instructions; any surprise being partially due to their own negligence, and the correction desired having no bearing on the result.

4. Abuse of discretion does not appear from denial of new trial for newly discovered evidence where it is merely cumulative.

APPEAL from the District Court of the Sixth Judicial District, for Bingham County. Hon. Ralph W. Adair, Judge.

Action to enjoin use of certain lands. Judgment for plaintiff. *Affirmed as modified.*

Kenneth S. Mackenzie and W. P. Hanson, for Appellants.

The Snake River has been declared by the supreme court of this state to be a navigable stream. (*Miller v. Lewiston-Clarkston Canning Co.*, 35 Ida. 669, 209 Pac. 194.)

In an action of this nature, plaintiff must recover, if at all, upon the strength of his own title, and not upon the weakness of that of his adversary. (Ibid.)

That patent to land bordering on a navigable stream extends no farther than the natural high-water mark. (*Callahan v. Price*, 26 Ida. 745, 146 Pac. 732; *A. B. Moss & Bros. v. Ramey*, 25 Ida. 1, 136 Pac. 608.)

When a stream divides into two distinct channels forming an island, and constituting a well-defined stream, on either side, during a considerable portion of the year, the

---

Publisher's Note.

1. Navigable river as boundary, see note in 10 **Am. Dec.** 385. See, also, 4 **R. C. L.**, Boundaries, sec. 11 et seq.

2. See 20 **R. C. L.**, Parties, sec. 46.

4. See 20 **R. C. L.**, New Trial, sec. 77.

See Navigable Waters, 29 **Cyc.**, p. 362, n. 72 New.
New Trial, 29 **Cyc.**, p. 864, n. 46, p. 903, n. 60, p. 911, n. 94.
Pleading, 31 **Cyc.**, p. 743, n. 14, p. 745, n. 20.

boundary line of the land granted, extends only to the natural high-water mark. (Authorities cited above.)

Thomas & Andersen, for Respondent.

It is the settled law of this state that the owner of the shore along navigable water owns to the ordinary high-water mark, or the natural or average high-water mark of such water. The state holds title to the beds of navigable streams below the average high-water mark. (*Callahan v. Price,* 26 Ida. 745, 146 Pac. 732; *Northern Pacific R. Co. v. Hirzel,* 29 Ida. 438, 161 Pac. 854; *Burrus v. Edward Rutledge Timber Co.,* 34 Ida. 606, 202 Pac. 1067; *Raide v. Dollar,* 34 Ida. 682, 203 Pac. 469; *Miller v. Lewiston-Clarkston Canning Co.,* 35 Ida. 669, 209 Pac. 194.)

The riparian owner may maintain an action to enjoin interference with his use of riparian lands. (*Hasbrouck v. Cavill,* 54 Cal. App. 1, 200 Pac. 979.)

Where there is no error or fraud in the government survey and such survey was honestly made, no person may maintain an action for possession of land lying between the meandered line of survey and the natural or average high-water mark of the stream as against the abutting lot owner. (*Hanson v. Thornton,* 91 Or. 585, 179 Pac. 494.)

Alleged newly discovered evidence which is merely cumulative and which was not beyond the reach of the parties at the time of the trial is not ground for a new trial. (*Knollin & Co. v. Jones,* 7 Ida. 466, 63 Pac. 638; *Heckman v. Espey,* 12 Ida. 755, 88 Pac. 80; *Hall v. Jensen,* 14 Ida. 165, 93 Pac. 962.)

Newly discovered evidence which would not be decisive upon another trial is insufficient to require a reversal and order for a new trial. (*Turner v. Stevens,* 8 Utah, 75, 30 Pac. 24; *Clements v. Stapleton,* 136 Iowa, 137, 113 N. W. 546; Spelling, New Trial and Appellate Prac., sec. 221.)

Courts look with distrust and disfavor upon motions for new trial based upon the ground of newly discovered evidence and such motions should not be granted by trial courts

unless the new evidence is such as to make it reasonably probable that it would change the result upon another trial. (*Estate of Emerson,* 170 Cal. 81, 148 Pac. 523.)

Evidence cannot be deemed newly discovered where there was ample time within which the party might have ascertained all the facts before the trial. (*Gallatin v. Corning Irr. Co.,* 163 Cal. 405, 126 Pac. 864.)

If no objection be taken either by demurrer or answer, the defendant must be deemed to have waived the same, save only objection to the jurisdiction of the court and that the complaint does not state facts sufficient to constitute a cause of action. (C. S., sec. 6693.)

Failure on the part of defendant to raise, by demurrer or answer, the question of defect or misjoinder of parties must be deemed to be a waiver of the right to thereafter raise such question. (*Trask v. Boise King Placer Co.,* 26 Ida. 290, 142 Pac. 1073; *Smith v. Rader,* 31 Ida. 423, 173 Pac. 970; *Valley Lumber & Mfg. Co. v. Driessel,* 13 Ida. 662, 93 Pac. 765, 15 L. R. A., N. S., 299; *Bonham Nat. Bank v. Grimes, etc.,* 18 Ida. 629, 111 Pac. 1078.)

GIVENS, J.—Respondent, owner of four fractional lots bounded by the west meander line of Snake River, brought this action for the purpose of enjoining appellants from occupying certain lands lying between the government west meander line and Snake River, on which appellants had filed possessory claims in 1923. The appeal is from a judgment for respondent and an order denying a motion for a new trial.

The evidence showed that the bulk of the land in question lay between a so-called west channel of the river (see Defendant's Exhibit 4), varying in width from 100 to 300 feet and from 3 to 8 feet in depth, which was filled with water in late spring and early summer and dry during winter and early spring, and the east or main channel of the river.

Appellants base their case in the main on the rule announced in *A. B. Moss & Bros. v. Ramey,* 25 Ida. 1, 136 Pac. 608, and *Callahan v. Price,* 26 Ida. 745, 146 Pac. 732,

that the patentee of lots abutting on the meander line of a navigable stream does not take title to an island in the stream lying opposite his lots.   The 3d, 4th, and 5th find-

ings of the court based upon somewhat vague but sufficient evidence directly answer appellants' contention as follows:

"That the land lying between the meandered lines of the lots and legal subdivisions hereinabove described in Finding No. 1, and the westerly bank of the main channel of Snake River as described in Finding No. 5, is not and was not at the time Idaho was admitted as a state of the United States, an island, but that said land overflowed practically every year during high water season since the year 1883, and is such that the possession and use thereof belongs to the plaintiff and that the plaintiff is the riparian owner and proprietor thereof; that said land or any part thereof is not unsurveyed government land of the United States."

"That during the high or flood water season there are high water channels crossing said land at various places and at least in one place crossing the meandered lines of the United States survey, but for the greater part of the year these channels are dry."

The court further found that the average or natural high-water mark was along the northwesterly side of the main channel of Snake River entirely on the south and southeasterly side of the land in dispute. (See Defendant's Exhibit 4.)

[1] Appellants' Exhibit "B1," a certified copy of the original government plat of township 2 south, range 36 east, Boise meridian, shows respondent's fractional lots and that Snake River was meandered. The court having found that the so-called west channel was dry a greater portion of the year and that the land in dispute was not an island the recent pronouncement of this court in *Stroup v. Matthews,* ante, p. 134, 255 Pac. 406, must control. That case quoting from and following *Johnson v. Hurst,* 10 Ida. 308, 77 Pac. 784, as follows:

"It is conceded as the general rule of law that the meander line run in surveying public lands bordering upon a navigable river is not a line of boundary, but one designated merely to point out the sinuosity of the bank of the stream, and as a means only of ascertaining the quantity of

land in the fraction that is to be paid for by the purchaser, and that the water course, and not the meander line as actually run on the land is the true boundary line.''

No resurvey or correction of the old survey was made herein and from the certified copy of the plat and the evidence introduced it is apparent that the river in 1922, several years after the original survey by the government, lies within the meander lines.

*Johnson v. Hurst, supra,* is similar to the case herein considered. *Lattig v. Scott,* 17 Ida. 506, 107 Pac. 47, *Johnson v. Johnson,* 14 Ida. 561, 95 Pac. 499, 24 L. R. A., N. S., 1240, and *A. B. Moss & Bros. v. Ramey, supra,* involved islands in a navigable stream and the latter cases following the reversal of *Lattig v. Scott, supra,* by the supreme court of the United States, *Scott v. Lattig,* 227 U. S. 229, 33 Sup. Ct. 242, 57 L. ed. 490, 44 L. R. A., N. S., 107, were by this court in a clear and lucid opinion, *Callahan v. Price, supra,* overruled. *Callahan v. Price, supra,* was an island case and in view of the facts found by the trial court herein is not in point. *Johnson v. Hurst, supra,* clearly expressed the situation herein involved and that considered in *Producers Oil Co. v. Hanzen,* 238 U. S. 325, 35 Sup. Ct. 755, 59 L. ed. 1330, the court saying:

''In other words, wherever it has appeared from the notes and official plats that all the lands within the legal subdivision as directed to be surveyed by the United States Statutes have been returned as surveyed and the remainder of those subdivisions is shown to be the waters of a navigable stream, the courts have uniformly held that the grantee to lots or fractional subdivisions abutting on the meander line, takes title to the stream.''

Furthermore *Producers Oil Co. v. Hanzen, supra,* recognizes the same distinction as follows:

''A review and analysis of these cases would be tedious and unprofitable; thorough acquaintance with the varying and controlling facts is essential to a fair understanding of them. They unquestionably support the familiar rule relied on by counsel for the Oil Company that, in general,

meanders are not to be treated as boundaries, and when the United States conveys a tract of land by patent referring to an official plat which shows the same bordering on a navigable river, the purchaser takes title up to the water line. But they no less certainly establish the principle that facts and circumstances may be examined, and if they affirmatively disclose an intention to limit the grant to actual traverse lines, these must be treated as definite boundaries. It does not necessarily follow from the presence of meanders that a fractional section borders a body of water, and that a patent thereto confers riparian rights."

In the case at bar the United States is not only not asserting any rights to the lands in controversy but by Plaintiff's Exhibits "C," "D" and "E," certified copies of letters from the U. S. General Land Office, one being a reply to one of counsel for appellants relative to this particular land, has expressly refused to have any further survey made, stating with the implied approval on the part of the land department that:

"The owners of the lands on both sides of the river are claiming to the banks of the river, and not to the old meander lines. Practically all of these lands have passed into private ownership, and as no complaints nor petitions for resurvey have been made by these owners, this office does not think there is justification for raising a question as to riparian rights at this time."

The only inference to be drawn from these letters is that the government recognized the right of the riparian owners to claim to the actual bank of the stream in place on the ground, and consequently, since it has been fully advised and informed by its engineers that a considerable amount of land lies beyond the actually surveyed portions of the lots theretofore patented, the reasoning of *Security L. & E. Co. v. Burns,* 193 U. S. 167, 24 Sup. Ct. 425, 48 L. ed. 662, is not in any way persuasive that the lower court should not be sustained.

[2] Appellants urge that from the evidence it appears that no part of the land claimed by appellant Rees is con-

tiguous to the land of Younie or that Younie was in possession or had any right, title or interest in or to said land, and for that reason the court erred in refusing to grant appellants' motion for nonsuit in so far as it affected the rights of appellant Rees. Appellants answered jointly after their joint general demurrer was overruled and the misjoinder of parties was neither raised by demurrer nor answer and therefore must be deemed waived. (*Trask v. Boise King Placer Co.*, 26 Ida. 290, 142 Pac. 1073.)

[3] Appellants also urge that the court erred in refusing to grant their motion for a new trial on the ground of surprise, in that the witness Christiensen, a surveyor, had been instructed by them to make a detailed survey of the premises from actual measurements, and as shown by the evidence a portion of said survey was made by tracing from a previous government plat. The surprise, if any, was partially due to appellants' own negligence and furthermore the map if correct would and could have no bearing upon the conclusion herein.

[4] Certain newly discovered evidence for the purpose of showing whether or not the land in question was an island was urged as a ground for a new trial, and appellants urge that the refusal of the court to grant their motion for this reason was error. This evidence as set out in the motion for a new trial was cumulative, there having been evidence already introduced on the question of whether the land in dispute was or was not an island and there does not appear to have been any abuse of discretion in this regard.

It appears from the certified copy of the government plat of township 2 south, range 36 east, Boise meridian (Appellants' Exhibit "B1"), that the west line of respondent's lot 7 in section 5 and the east line of lot 4 in section 4 extends south to Snake River, crossing the west meander line of the channel of Snake River and that the north line of lot 4 does not extend east to this meander line, therefore respondent is only entitled to the land lying south of the government meander line and between the extensions south of the west line of lot 7 in section 5 and the east line of lot 4 in

section 4 (see appended plats), and the judgment should be modified in this respect to read as follows:

Commencing at the natural or average high-water mark of the northwest bank of Snake River at a point directly south of the northwest corner of lot seven in section five of township two south of range thirty-six east of the Boise meridian and running thence north 3,100 feet more or less to the northwest corner of said lot seven; thence east eighty rods to the northwest corner of lot eight in said section five; thence north 160 rods to the northwest corner of the southeast quarter of the northeast quarter of said section five; thence easterly to the northeast corner of lot four; thence south to the natural or average high-water mark of Snake River; thence southwesterly along the natural or average high-water mark of the northwest bank of Snake River to the point of beginning, otherwise described as lots four and five, southwest quarter of the northwest quarter of section four, lots seven and eight and the northeast quarter of the southeast quarter, the southeast quarter of the northeast quarter of section five, in township 2 south of range 36 east of the Boise meridian, together with the land lying between the survey lines of said land and the main channel of Snake River; otherwise it is affirmed and costs are awarded to respondent as against the two Sheeks but not Rees.

Wm. E. Lee, C. J., and Taylor and T. Bailey Lee, JJ., concur.