## CAMPBELL v. NUNN.

No. 4980. Decided September 9, 1931. (2 Pac. [2d] 899.)

*B. C. Call* and *Lewis Jones*, both of Brigham City, for appellant.

*W. E. Davis*, of Brigham City, for respondent.

FOLLAND, J.

This case involves a dispute between adjoining landowners in Box Elder county as to the quantity of water each is entitled to use from Clear and Rosevear creeks. From a decree quieting plaintiff's title to a proportion of the creek and of water claimed by him, defendant appeals. Clear creek arises in the mountains near the northern boundary of Utah and runs in a general northerly direction into Idaho. Rosevear creek is one of the tributaries of Clear creek. In the spring of the year and until July 1st, the waters are high and there is sufficient to supply all the needs of the parties hereto and of others, but after July 1st and until the late fall the supply of water rapidly decreases so that it is not sufficient for the demands made upon the stream. In an action wherein Naf Irrigation Company was plaintiff and Sophia J. Ryan and others were defendants, commenced in 1912 and tried and decided in 1918, the appellant herein was decreed to be the owner and entitled to the use of 6/346 of the waters of Clear creek and its tributaries at such times between the 1st day of July and the 1st day of December, both inclusive, when the flow thereof does not exceed six cubic feet per second measured at the

point of diversion of the Naf ditch at the north boundary line of section 36, township 15 north, range 13 west, Salt Lake Meridian, and during all other times when not in excess of six cubic feet per second she was adjudicated and decreed to be entitled to the use of such waters in the quantities and priorities as follows: One-tenth of a cubic foot per second with priority dating from the year 1885, and 2.9 cubic feet per second with a priority dating from the year 1901. During the interim between the filing of the case last above referred to and the time of the decree, appellant sold and deeded to Heleman Campbell, respondent's grantor, 100 acres of land and 2/5 of all the water rights owned by her in Rosevear and Clear creeks. It is contended by respondent that he is entitled, by virtue of this conveyance, to 2/5 of the water decreed to the appellant in the case above referred to, while it is contended by the appellant that in that case she had decreed to her full water right after deducting from it the 2/5 deeded by her to Heleman Campbell.

Four questions are presented and argued by the appellant:

"1. As a question of fact, did not Heleman Campbell take his 2-5 of Mrs. Ryan's water at or about the time the decree in the prior action? 2. Is the plaintiff estopped at this late date to claim the waters sought in the complaint? 3. Can the plaintiff make beneficial use of said waters in the event said decree is affirmed? and 4. Is the statute of limitations a bar to this action?"

The trial court by its findings of fact, conclusions of law, and decree found adversely to appellant on all these questions; hence this appeal.

It is undisputed that on January 7, 1915, the appellant, who was the owner of the N½ of section 1, township 14 north, of range 13 west, Salt Lake Meridian, in Box Elder county, together with water rights in Clear creek and its tributary Rosevear creek for use on these premises, sold 100 acres of the land to Heleman Campbell to-

gether with "2/5ths of all the water rights of the grantor in Rosevear and Clear Creeks which is appurtenant to the N½ of Sec. 1." July 9, 1924, Heleman Campbell sold the same land and water rights to the respondent, who went into and is still in possession thereof. On November 12, 1912, a suit was filed in the district court of Box Elder county in which Naf Irrigation Company, a corporation, was plaintiff, and the appellant, then known as Sophia J. Ryan, one of the defendants, to adjudicate the title of the respective claimants to the waters of Clear and Rosevear creeks. The case was tried in August, 1917; findings of fact, conclusions of law, and decree were duly signed by the trial judge November 18, 1919, and filed November 27, 1918. At the time of the conveyance of the land and water from Mrs. Ryan to Heleman Campbell, the quantity of water to which the grantee was entitled had not been fixed but was still to be determined in the lawsuit then pending. Heleman Campbell was not a party to that suit, was not brought into the case by any pleading or otherwise, and no evidence was adduced by him or on his behalf relative to any claim or right in or to the use of the waters. Mrs. Ryan, now Mrs. Nunn, the appellant here, was one of the defendants and claimed to be the owner of the N½ of section 1 and of all the waters which had been used thereon. She had no other land and claimed no other water save such as had become by diversion and use appurtenant to the N½ of section 1. By the findings and decree in that case the court found "that the defendant Sophia J. Ryan is the owner of the N½ of Sec. 1, Tp. 14 North of Range 13 West of the Salt Lake Meridian," and decreed to her the proportionate share of the flow of the stream mentioned above. In her answer in the instant case the defendant alleges the entry of the decree in the Naf Irrigation Case on November 18, 1918, and that Heleman Campbell or his assignee was thereby "given all waters called for in the warranty deed decreed in paragraph 2 of the plaintiff's complaint." To support this allegation defendant relied upon the testimony of certain witnesses who testified to a

purported conversation between the presiding judge, who tried the Naf Irrigation Company Case, the defendant Sophia J. Ryan, and Heleman Campbell, which conversation is alleged to have taken place in the court room after the case had been tried and argued. Such testimony was incompetent and was so recognized by the learned trial judge when he came to announce his decision, as it plainly contradicted the findings and decree in the Naf Irrigation Company Case, but had been admitted in evidence because the pleadings and records of that case had been lost and were not available at the beginning of the trial of the instant case. During the course of the trial, however, copies of the pleadings were supplied from the files of one of counsel in that case, the transcript of the evidence was found and produced, the findings of fact, conclusions of law, and decree were found to be of record, and all were ultimately introduced in evidence.

The plaintiff herein produced evidence of his title by introducing the deeds from Mrs. Ryan to Heleman Campbell and from Heleman Campbell to himself and testified that he had claimed and used the water referred to and granted in the deeds, but that Mrs. Ryan had disputed such right and use and on many occasions had turned the water off after he had diverted it at his headgate, and had taken it herself. This testimony had reference to the period each year after July 1st when there was insufficient water to supply all the needs. Defendant testified that she had always claimed the full amount decreed to her in the Naf Irrigation Company Case and had taken and used the same without interruption until the year 1928. There was clearly a conflict in the evidence with respect to these matters, but there is no preponderance of evidence in favor of the defendant with respect to this issue requiring this court to set aside the finding made by the trial judge with respect thereto.

The chief contention made at the trial and here is, however, as to the effect and application of the decree in the Naf Irrigation Company Case. We think it clear that the find-

ings of the trial court must be sustained. By the findings of fact and the decree in the former case, Mrs. Ryan was found to be the owner of the N½ of section 1, notwithstanding she had previously sold 100 acres of it, together with 2/5 of her water right appurtenant thereto, and it is evident from a reading of these findings and decree that the court adjudicated to her the entire water right appurtenant to the N½ of section 1, notwithstanding the testimony of witnesses as to conversations had between the trial judge and Mrs. Ryan, who was a defendant, and Heleman Campbell, who was not a party thereto, to the effect that it was intended that Mrs. Ryan should have decreed to her only that part of the waters to which she would be entitled as appurtenant to the remaining portion of the N½ of section 1 after her sale of the 100 acres. No such conversation is found in the reporter's transcript of the evidence and proceedings had in that case. Heleman Campbell was not a party thereto, and it is unreasonable to think that the court would ask Campbell how he wanted his right decreed when no decree affecting him could be made in that case, and nothing he would say could give the court the power to decree to him any right. It was testified by appellant's witnesses that he had said to the trial judge that he would take his water with that decreed to the Naf Irrigation Company of which he was a stockholder. It is apparent that no such arrangement found its way into the findings and decree, even if it be admitted the conversation took place as testified to. That the decree had no such effect is shown by the fact that after the decree in that case was entered Heleman Campbell was not issued any more stock in the Naf Irrigation Company, nor did he have distributed to him through that company under his stock ownership any more water than he had theretofore received. Testimony on these points was undisputed. The occasion for these conversations and attempted settlement of the rights between Mrs. Ryan and Heleman Campbell arose because Mrs. Ryan had, pending that suit, deeded Heleman Campbell 100 acres of her land together with 2/5 of her water right

which fact was disclosed during the trial of the case. In order to properly adjudicate the rights between these two people, it would have been necessary to recast the pleadings, and make Heleman Campbell a party to the action in order that the court might render a decree which would be binding on him as to the respective rights under the deed from Mrs. Ryan to Campbell. The attorney for the Naf Irrigation Company Case was called as a witness in the instant case and his testimony was, in effect, that the attorneys decided between themselves to leave the pleadings as they were and the case allowed to go to decree on the issues as framed without taking into account any transfer of water rights from Mrs. Ryan to Campbell and permit the decree to run to Mrs. Ryan for all the water which should be found to belong to the owner of the N½ of section 1, on the theory that these parties should, after the decree was entered, use the water in the ratio specified in the deed. The findings and decree bear out this statement. Undoubtedly under them Mrs. Ryan had decreed to her the full amount of water which was appurtenant to the entire N½ of section 1. Clearly, therefore, the court committed no error in holding that the decree in the Naf Irrigation Company Case did not award to Heleman Campbell any right to receive water from the Naf Irrigation Company on account of the conveyance by Mrs. Ryan.

The next point raised by the appellant is whether or not the plaintiff is estopped to claim the waters which he does claim in his complaint. This is completely answered by the fact that no estoppel is pleaded. It is well settled that the facts relied upon as constituting an estoppel must be pleaded. *Barber* v. *Anderson,* 73 Utah 357, 274 P. 136.

The third point raised is that the plaintiff cannot make a beneficial use of the waters decreed to him in case of an affirmance because during the low-water season the amount is so small that it could not reach his 100-acre tract of land. The argument seems to be that notwithstanding Mrs. Ryan sold a 2/5 interest in whatever

water right she possessed, she can now come into a court of equity and say that the purchaser is not entitled to have the water thus sold to him because it would be useless to him. This is not a sound argument. Aside from that, there is no convincing testimony to the effect that even in the low-water season the 2/5 interest would not be of some value to the plaintiff. Plaintiff testified that during the low-water period he could water about 7 acres of his 100-acre tract and that there was always water enough to run to his land. This, however, is disputed. The plaintiff is the owner of other water distributed to him by the Naf Irrigation Company, and it is shown that the 2/5 of the Nunn interest could be commingled with this and that the augmented stream could at any season of the year reach his land and be used by him for the irrigation of his gardens and trees.

The last point urged is that the plaintiff's action is barred by "the provisions of chapter 3, title 117, §§ 6446 to and including 6463, Comp. Laws Utah 1917, and amendments thereto." We see no ground whatsoever for the application of the statute of limitations. The defendant conveyed 2/5 of all the water rights she owned to plaintiff's grantor, and there is testimony that both plaintiff and his grantor had at all times since the conveyance claimed this water and had diverted it and attempted to use it on the 100-acre tract, but that during all this period Mrs. Nunn had interfered with the plaintiff's use of the water which she had thus conveyed. During this period the parties had engaged in dispute over the matter, the one taking and the other turning off the water. No rights were either established or lost by this course of conduct.

The decree of the district court of Box Elder county is affirmed. Costs to respondent.

CHERRY, C. J., and STRAUP, ELIAS HANSEN, and EPHRAIM HANSON, JJ., concur.