## Carpenter's Estate.

Argued March 3, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, PARKER, JAMES and RHODES, JJ.

*Lawrence R. Van Deusen,* with him *H. R. Van Deusen,* for appellant.

*N. H. Cowdrey,* of *O'Malley, Hill, Harris & Harris,* with him *H. S. Alworth,* for appellee.

OPINION BY PARKER, J., July 10, 1936:

The questions presented on this appeal arose on exceptions by a ward to the final account of her guardian.

The exceptions were filed by a next friend on her behalf before she came of age, but during their consideration suggestion of the coming of age of the minor was filed and she was thereafter represented in person on the record. We are of the opinion that the orphans' court correctly disposed of the matter.

Eleanor Carpenter, the ward, was born on March 1, 1914. Owing to the death of her mother she lived with her grandfather, Ludwig Hofsommer, for some time prior to his death which occurred on January 9, 1928. The grandfather by his will bequeathed one-half of the residue of his estate to the granddaughter, named Herbert Haberland one of his executors, and attempted to name "Mr. and Mrs. Herbert Haberland" guardians of the person of Eleanor Carpenter. Within a few weeks after testator's death the minor went to live with the Haberlands and continued to reside there until her marriage in June, 1933.

On January 15, 1929, the Scranton Lackawanna Trust Company was appointed guardian of the minor's estate. In the following February on the petition of the guardian, joined in by the minor, an order was made by the orphans' court ratifying and approving the payment to Herbert Haberland of $569.99 for board, lodging and clothing for the minor for a period from January 9, 1928 to January 15, 1929, and authorizing and empowering the guardian thereafter to pay to Herbert Haberland the sum of $35 per month for board and lodging and $250 per year for clothing and other necessaries. The account showed expenditures within the limits of the order of court until September, 1931, when the fund in the hands of the guardian was exhausted.

The appellant first complains that the allowance was excessive but the proofs failed to sustain the charge. Section 59 [i] of the Fiduciaries Act of 1917 (20 PS 1042) provides that the orphans' court "may direct a suitable periodical allowance, out of the minor's estate,

for the support and education of such minor, according to the circumstances of each case". Not only was such order made but the account and evidence shows that the maintenance was in fact furnished. In view of the provisions in the will and the specific order of court, it was proper to expend the allowance through the Haberlands (*Norris's Estate*, 26 W. N. C. 288). The guardian having shown the order, the expenditures and service rendered, the burden was then on the exceptant to show that the previous order of court was improper. This was attempted to be done by calling a single witness who testified that she lived in the same neighborhood and charged a less sum for boarding two young ladies than was here allowed. There was, however, no sufficient evidence as to the relative character of the services furnished or of the stations and estates of the respective parties, and there was no evidence tending to show the prevailing price charged for such service. The evidence did show that in addition to the fund which came into the hands of the guardian Eleanor was also to receive from the executors of her grandfather's estate the sum of $1500 and accumulations of interest when she arrived at the age of 21 years as well as an interest in certain real estate. While a guardian is not relieved of all responsibility by an order of court authorizing and empowering the guardian to make expenditures for the maintenance of a ward within a fixed amount, it would require much more convincing testimony than was furnished here to warrant this court in convicting the court below of an abuse of discretion. While the allowance was liberal, we cannot say that it was excessive or extravagant.

The remaining contention is that the accounting guardian should be surcharged with the amount of certain earnings of the minor which were paid to Mrs. Haberland and with the value of services rendered by Eleanor in the Haberland household. When the minor

attained the age of sixteen she declined to continue her studies in high school and in September, 1930, secured employment in a department store where she earned from $6 to $8 per week. This employment continued until her marriage in June, 1933, during which period she earned a bonus amounting to $105. Eleanor turned over her regular earnings and the greater part of the bonus to Mrs. Haberland who in turn gave the minor money for car fare, theater, moving pictures and other incidentals. Although the funds in the hands of the guardian of the estate were exhausted in September, 1931, the Haberlands continued until her marriage in June, 1933, to furnish Eleanor the same accommodations and clothing that she had formerly received. The Scranton Lackawanna Trust Co. had no knowledge that Eleanor was working and earning pay until after her allowance was exhausted. If these earnings had been paid over to the guardian of the estate and accounted for they would not have been more than sufficient to meet the allowance for board and clothing which had been made by the court. Consequently, it would be no advantage to the ward to require such an accounting. When we take into account the facts that the fund in the hands of the guardian came from the grandfather who had attempted to make the Haberlands guardian of the person of his granddaughter, that the minor did enter their home and receive good care until her marriage, and that the guardian had no notice of these earnings until the fund was exhausted, we do not believe that it was an abuse of discretion by the court below to refuse to surcharge the guardian on this account.

We find no merit in the claim that Eleanor furnished services in the house which should have in part offset the charge for board. There was some evidence that the minor, while attending high school, took care of her own room and at times in the evening helped with the dishes, and did some scrubbing on Saturday. But these

were nothing more than voluntary services rendered by the minor which were for her own interest and were not sufficient to furnish the basis for an offset to the charge for board and lodging. We are all of the opinion that the case was rightly decided by the court below.

Order affirmed at cost of appellant.