218 P.2d 338

STAFFORD v. FIELD et ux.

No. 7585.

Supreme Court of Idaho.

May 9, 1950.

Bistline & Bistline, Pocatello, for appellant.

Black & Black, Pocatello, for respondents.

GIVENS, Justice.

Appellant, mother of respondent Mrs. Mary Louise Field, on June first, 1948, sued on a promissory note for $1500.00 signed by respondents. Respondents secured a nullifying verdict based on their defense of no consideration and that the note was given because of duress and coercion.

December 29, 1939, appellant, living in Santa Cruz, California, was appointed guardian of the persons of Patricia Ann and Merwin Sinns, aged 2½ years and 13 months respectively, minor children of respondent, Mrs. Field, who at that time had been divorced from her husband, their father, about 14 months and had married one Prouty. The father never paid the $2.50 per week required in the divorce decree as support for each of the children. Mrs. Field, then Mrs. Prouty, was a party to and present in court in the guardianship proceedings. No order was made as to the support of the minors.

Evidently Mrs. Field was not living with appellant at the time of her appointment and qualification as guardian, but had been prior thereto. Mrs. Field remained in California a few weeks, then later—she didn't remember when—went to Missouri. She sent some clothing and contributed $5.00 per week for the support of the children for several months, and Mr. Prouty, her second husband, while in the Military Service, allotted checks for about a year and a half or ten months to appellant for the support of the children. Respond-

ent, Mrs. Field, was married to Prouty for about four years—did not remember just when she divorced him—during which time she was living in Kansas City. She then went to Pasco, Washington, and occasionally visited the children and her mother in Santa Cruz and in Des Moines, Iowa, where for about a year appellant was living. Except for such casual contributions, the record indicates the entire expense for the care of the children was borne by appellant from her own property. The minors had and have no estate.

■ Respondents did not raise the nonjoinder of appellant's husband by demurrer or answer, but did so on motion for nonsuit at the conclusion of appellant's case-in-chief and final submission and now urge appellant had no capacity to sue without joining her husband as party plaintiff, urging the note is community property. By not raising the issue by demurrer or answer, the defect of nonjoinder, if any, was waived. Sections 5-607 and 5-611, I.C.; Anthes v. Anthes, 21 Idaho 305 at 311, 121 P. 553; Trask v. Boise King Placers Co., 26 Idaho 290 at 299, 142 P. 1073; Thelen v. Thelen, 32 Idaho 755 at 756, 188 P. 40; McGrath v. West End Orchard & Land Co., 43 Idaho 255 at 263, 251 P. 623; Younie v. Sheek, 44 Idaho 767, 260 P. 419; Jutila v. Frye, 9 Cir., 8 F.2d 608 at 609.

■ Respondent and Mr. Field were married in May 1944 and in April 1946 respondent, Mrs. Field, instituted proceedings in the Superior Court for the County of Santa Cruz in California, which had granted the guardianship, to regain custody of the children, deposing therein: "* * * That since said time (appellant's appointment) the economic condition of your petitioner has improved so that at the present time your petitioner is well able to properly care for and provide for said minors." Which relief was denied, but provision was made for visitation.

In 1947 appellant, in the same court, sought to have the guardianship extended to the minors' estate, and respondents restrained from interfering with appellant's custody, etc., reciting that appellant had solely maintained the minors and narrated other interim dissensions with Mrs. Field. Respondent, Mrs. Field, in effect renewed her application for guardianship.

The official minutes of that proceeding, both appellant and respondents being represented by counsel, and the order properly certified (Section 9-312, I.C.) April 16, 1949, by H. E. Miller, Esq., Clerk, and Honorable James L. Atteridge, Judge, and introduced as Plaintiff's Exhibit B, showing appellant, respondents and minors were witnesses, thus recited:

Minutes

"Said motion (appellant's) being now heard and submitted to this court, it is now ordered by the court that Herman J. Mager, Esq. as the attorney for said Mary L.

Field, the mother of said minors, prepare an order awarding the care, custody and control of said minors to the said Mary L. Field under the terms and conditions now dictated by the court into the phonographic record of proceedings herein, among which, are that this court shall retain jurisdiction of said minors and of this guardianship proceeding and that said Mary L. Field shall reimburse said guardian for certain expenditures heretofore made by said guardian for the support and maintenance of said minors."

The consequent, formal Order is as follows:

" * * * It is hereby ordered, adjudged and decreed:

"1. That Estella M. Stafford be, and is, hereby removed as the guardian of the persons of the aforesaid minors;

"2. That the care, control and custody of said minors be and is hereby awarded to their mother, Mary L. Field; provided however that said children shall either be brought to the state of California for the purpose of visiting the said Estella M. Stafford and maternal grandparent, or that said parent be extended an invitation to visit in Idaho for the purpose of seeing said children; that said visits shall be arranged at least once every two years on the demand of said Estella M. Stafford;

"3. That this court does hereby retain jurisdiction of these guardianship proceedings until said court relinquishes such jurisdiction.

"James L. Atteridge
Judge of the Superior Court"
"Dated: March 27, 1947."

Respondents introduced evidence that the Judge, outside of Court, stated the reimbursement was a condition precedent to appointing Mrs. Field as guardian, as showing coercion and duress. Appellant's objection to this line of testimony should have been sustained.

"Exhibits 'A' and 'B' being properly authenticated, were admissible in evidence, and entitled to the same faith and credit which would have been accorded to them in the State of Oregon. U. S. Constitution, Article IV, Section 1; 28 U.S. C.A. § 687. [28 U.S.C.A. § 1738]. Said exhibits established the fact that the Oregon Courts had a presiding judge, a clerk and seal. In such circumstances, the presumption is the court was one of general jurisdiction, and its judgment imports absolute verity and is final and conclusive. The judgments are proof of what they show on the face and are the *best and only competent evidence thereof.* The jurisdiction of the Oregon Court was, therefore, established as a matter of fact and by presumption of law." Cases cited. State v. Prince, 64 Idaho 343 at 348, 132 P.2d 146, 148. (Emphasis added.)

The official California Court record, therefore, could not thus be added to, changed, altered or impeached. Campbell v. Nunn, 78 Utah 316, 2 P.2d 899; Hanley v. Most, 9 Wash.2d 474, 115 P.2d 951 at 952, 118 P.2d 946; Bryer v. American Surety Co. of New York, 285 Mass. 336, 189 N.E. 109; State ex rel. Gregory v. Henderson, 230 Mo.App. 1, 88 S.W.2d 893; Colonial Trust Co. v. Hill County, Tex. Com.App., 27 S.W.2d 144; Brandon v. Brandon, 175 Tenn. 463, 135 S.W.2d 929; Stellwagen v. Stellwagen, 277 Mich. 412, 269 N.W. 216; Belting v. Marschner, 245 Mich. 111, 222 N.W. 137; Brooks v. Miami Bank & Trust Company, 116 Fla. 589, 156 So. 757. No appeal was taken from the Order.

The note,[1] the subject matter of this suit, was to reimburse appellant and was the sum of one year's tuition for each of the two minor children in the Monte Vista Christian School in Santa Cruz, where appellant had placed the children during the years 1946 and 1947. Appellant refused to accept the note until March 10, 1948.

There is other evidence of the contentions and disagreements between appellant and respondent, Mrs. Field, over the children; suits and countersuits for regaining and retaining custody and appellant's unsuccessful attempt to obtain a refund from the above school because the minors had not lived there the full term in 1947.

■ Section 32-1003, I.C., which we took from California, Hanson v. Rogers, 54 Idaho 360 at 373, 32 P.2d 126; Simons v. Davenport, 66 Idaho 400 at 403, 160 P. 2d 464, now Deering's 1941 Civ.Code of Cal., § 207, provides: "If a parent neglects to provide articles necessary for his child who is under his charge, according

---

1. "$1500.00

San Jose, California, February 19, 1947. "In installments, and at the times hereinafter stated, for value received, We, jointly and severally, promise to pay to Estella M. Stafford, her heirs, executors, administrators and assigns at her residence the principal sum of Fifteen Hundred ($1500.00) Dollars with interest from date hereon on deferred payments until paid at the rate of four (4%) per cent per annum, payable annually. Said principal sum payable in installments of Three Hundred ($300.00) Dollars ($300.00) or more each year beginning on the 1st day of February, 1948 and continuing until said principal sum has been fully paid. We waive the statute of limitations and agree to pay unto the payee a reasonable attorney fee in the event it is necessary to file suit for collection of this note.

"And we agree that in case of default in the payments of any said installments, such unpaid installments shall bear interest from the date of their respective maturity until paid at the rate of —— per cent per annum, and that if any one of said installments or interest due hereon is not paid within thirty days after the same becomes due and payable, the whole of the principal sum then remaining unpaid, together with the interest that shall have accrued thereon, shall forthwith become due and payable at the election of the holder of this note, without notice. Principal and interest payable in lawful money of the United States.

"s/John J. Field
s/Mary Louise Field"

"Plaintiff's Exhibit A.

to his circumstances, a third person may in good faith supply such necessaries, and recover the reasonable value thereof from the parent."

Decisions of the donor state, though subsequent to adoption of the statute, are at least enlightening and persuasive. This section simply makes the parent in charge of a minor financially liable in the first instance for his or her support, but ·does not relieve either parent from liability therefor, nor does a decree *merely granting custody* so relieve. People v. Schlott, 162 Cal. 347, 122 P. 846; Ex parte McMullin, 19 Cal.App. 481, 126 P. 368; Lewis v. Lewis, 174 Cal. 336, 163 P. 42; Davies v. Fisher, 34 Cal.App. 137, 166 P. 833; Svoboda v. Superior Court, 190 Cal. 727, 214 P. 440; Federal Mut. Liability Ins. Co. v. Industrial Accident Comm., 195 Cal. 283, 233 P. 335 at 337; Fagan v. Fagan, 43 Cal.App.2d 189, 110 P.2d 520; Ex parte Carboni, 46 Cal. App.2d 605, 116 P.2d 453 at 457; Mitchell v. Bagot, 48 Cal.App.2d 281, 119 P.2d 758; Worthington v. Worthington, 218 Ala. 80, 117 So. 645; Graham v. Graham, 38 Colo. 453, 88 P. 852, 8 L.R.A., N.S., 1270, 12 Ann. Cas. 137; Desch v. Desch, 55 Colo. 79, 132 P. 60; Brown v. Brown, 132 Ga. 712, 64 S.E. 1092, 131 Am.St.Rep. 229; Addy v. Addy, Iowa, 36 N.W.2d 352; Riggs v. Riggs, 91 Kan. 593, 138 P. 628; Rowell v. Rowell, 97 Kan. 16, 154 P. 243, Ann.Cas. 1916C, 936; Fullen v. Fullen, 21 N.M. 212, 153 P. 294; Laumeier v. Laumeier, 237 N. Y. 357, 143 N.E. 219, 32 A.L.R. 654;

Pretzinger v. Pretzinger, 45 Ohio St. 452, 15 N.E. 471, 4 Am.St.Rep. 542; State v. Langford, 90 Or. 251, 176 P. 197 at 202; Murphy v. Whetstone, 96 Or. 293, 188 P. 191 at 196; In re Carpenter's Estate, 123 Pa.Super. 190, 186 A. 201; Gully v. Gully Tex.Civ.App., 184 S.W. 555; In re Deming's Guardianship, 192 Wash. 190, 73 P. 2d 764.

Oklahoma evidently holds the other way: Dyer v. State, 58 Okl.Cr. 317, 52 P.2d 1080 at 1084; Bondies v. Porter, 40 Okl. 89, 164, 136 P. 417 and 1089; Phillips v. Home Undertakers, 192 Okl. 597, 138 P.2d 550; but not without deviation, Josey v. Josey, 114 Okl. 224, 245 P. 844; Ross v. Ross, Okl.Sup., 203 P.2d 702.

The majority opinion in Rawlings v. Rawlings, 121 Miss. 140, 83 So. 146, 7 A. L.R. 1259, is well analyzed in Addy v. Addy, supra, and demonstrates that the dissent in Rawlings v. Rawlings, 121 Miss. at page 148, 83 So. 146, 7 A.L.R. 1259, is the better reasoned and modern thought.

The court having jurisdiction to have, in the first instance, ordered the parent to help support the minor, may order reimbursement. In re Schluter's Estate, 209 Cal. 286, 286 P. 1008; Desch v. Desch, supra; In re Giambastiani's Estate, 1 Cal. App.2d 639, 37 P.2d 142 at 145; Gaskins v. Security-First Nat. Bank of Los Angeles, 30 Cal.App.2d 409, 86 P.2d 681 at 685; In re Carpenter's Estate, supra; Maryland Casualty Co. v. Lawing, 225 N.C. 103, 33 S.E.2d 609; In re Boulware's Will, 144

Misc. 235, 258 N.Y.S. 522. Dixon v. Hosick, 101 Ky. 231, 41 S.W. 282, and Bates v. Hall, Ky., 47 S.W. 216, were based on a statute, the like of which we do not have, and see Myers v. Myers, 47 W.Va. 487, 35 S.E. 868 and Ryder v. Ryder, 322 Mass. 645, 79 N.E.2d 17.

 Enforcement of a legal or equitable right by legal methods is not culpable coercion or duress. Vane v. Towle, 5 Idaho 471 at 478, 50 P. 1004; Inland Empire Refineries, Inc., v. Jones, 69 Idaho 335, 206 P.2d 519; Hughes v. Leonard, 66 Colo. 500, 181 P. 200, 5 A.L.R. 817; Rader v. Barner, 172 Or. 1, 139 P.2d 130; Stott Realty Co. v. Detroit Sav. Bank, 274 Mich. 80, 264 N.W. 297; White v. McCoy Land Co., 229 Mo.App. 1019, 87 S.W.2d 672; Starks v. Field, 198 Wash. 593, 89 P.2d 513 at 515; Fruit v. Stacy, 168 Kan. 632, 215 P.2d 140, 13 C.J. 399; 17 C.J.S., Contracts, § 172, p. 532.

There was thus good consideration for the note, and no coercion or duress, merely recognition and enforcement of legal liability.

Mr. Field testified at the trial herein and prior to the signing of the note, he was the adoptive father of the minors:

"Q. You are the stepfather of the two children, Patricia and Merwin Dulane? A. I am foster father of them now.

"Q. Since this hearing you have adopted those two children? A. I have. I adopted them last year." (i.e., 1948; case tried in May 1949.)

On the face of the note he signed as comaker and if not thus liable, Tritthart v. Tritthart, 24 Idaho 186, 133 P. 121; Great American Indemnity Co. v. Bisbee, 59 Idaho 18 at 25, 79 P.2d 1037, he was liable as an accommodation maker. Section 27-206, I.C.; Jeppesen v. Rexburg State Bank, 57 Idaho 94, 62 P.2d 1369; Central Bank of Bingham v. Perkins, 43 Idaho 310, 251 P. 627; Bank of Montpelier v. Montpelier Lumber Co., 16 Idaho 730, 102 P. 685.

The judgment is reversed and the cause remanded with instructions to enter judgment for appellant, with costs.

HOLDEN, C. J., and PORTER, TAYLOR and KEETON, JJ., concur.